1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FAROOQ ABDUL ALEEM,                         No.  2:18-cv-1211 DB P

12                    Plaintiff,

13            v.                                   ORDER

14    J. LIZARRAGA, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19   Plaintiff's first amended complaint is before the court for screening.

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28

                                                  1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## I.      Screening Requirement

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.      Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

////

////

### III. Discussion

Plaintiff initiated this action on May 11, 2018, and filed a first amended complaint on May 21, 2018. Plaintiff's original complaint in this case (ECF No. 1) asserted claims related to the April 4, 2017, denial of an overnight family visit. The amended complaint (ECF No. 5) asserts claims related to the inadequate provision of medical care.

Examination of the Court's docket reveals that plaintiff has another action pending in the Eastern District of California, <u>Aleem v. Lizarraga</u>, 18-cv-1210-CKD. In that case, plaintiff's original complaint (ECF No. 1) asserted claims under the Eighth Amendment for medical indifference. In an amended complaint that was also on May 21, 2018 (ECF No. 7), plaintiff asserted claims related to the April 4, 2017, denial of an overnight family visit.

It thus appears that plaintiff has mistakenly filed his amended complaints in the wrong cases. Since plaintiff may not assert new, unrelated claims in this case, <u>see</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007), his amended complaint here will be stricken.

### IV. Conclusion

Based on the foregoing, plaintiff's first amended complaint will be dismissed with leave to amend. If plaintiff chooses to file an amended complaint here, it must comply with the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

1    Plaintiff may not change the nature of this suit by alleging new, unrelated claims. <u>See</u>

2    <u>George</u>, 507 F.3d at 607.

3         Any amended complaint must be written or typed so that it so that it is complete in itself

4    without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended

5    complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

6    earlier filed complaint no longer serves any function in the case. <u>See</u> <u>Forsyth v. Humana</u>, 114

7    F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

8    being treated thereafter as non-existent.'") (quoting <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir.

9    1967)).

10        Finally, the court notes that any amended complaint should be as concise as possible in

11   fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of

12   procedural or factual background which has no bearing on his legal claims.

13        Based on the foregoing, IT IS HEREBY ORDERED that:

14        1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted;

15        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

16            is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

17            § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order

18            to the Director of the California Department of Corrections and Rehabilitation filed

19            concurrently herewith;

20        3.  Plaintiff's first amended complaint (ECF No. 5) is STRICKEN; and

21        4.  Plaintiff shall file an amended complaint within thirty days from the date of this order.

22            If plaintiff does not file an amended complaint within the thirty-day period, the Court

23            will construe this as an election to proceed on the May 11, 2018, complaint.

24   Dated:  October 29, 2018

25

26

27   /DLB7;
     DB/Inbox/Substantive/alee1210. scrn

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

28

4